# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Aranda,<br><br>          Plaintiff(s),<br><br>     v.<br><br>John M. Martel and Department of Corrections and Rehabilitation,<br><br>          Defendant(s). | CASE NO. S CIV 08-8171 DOC<br><br>**O R D E R** |

Fernando Aranda ("Plaintiff") is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff's complaint does not make the showing required by 28 U.S.C. § 1915A. Accordingly, Plaintiff's complaint is hereby DISMISSED. In addition, Plaintiff has failed to submit a declaration that meets the showing required by 28 U.S.C. § 1915(a). Thus, his request to proceed in forma pauperis is denied.

**I. LEGAL STANDARD**

Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizon*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v.*

2

*Dept. of Social Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Municipal entities are subject to § 1983 liability, but not on the basis of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). Municipal liability may be based on (1) an express municipal policy, such as an ordinance, regulation, or policy statement; (2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law"; or (3) the decision of a person with "final policy making authority." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127, 108 S.Ct. 915 (1988) (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68, 90 S.Ct. 1598 (1970); *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83, 106 S. Ct. 1292 (1986). Although compensatory damages and equitable relief may be awarded against a municipality under § 1983, municipalities are immune from punitive damages. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 101 S. Ct. 2748 (1981).

## II. DISCUSSION

### A. Plaintiff Does Not State a Cognizable Claim for Relief

Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR") Facility at Mule Creek State Prison. Plaintiff alleges that legal mail he submitted for delivery on January 10, 2008, was intentionally kept from delivery. Plaintiff alleges that the CDCR intentionally failed to

3

1  deliver his mail and as a result, his constitutional rights were violated.  The CDCR keeps records of
2  legal mail that has been sent out, and Plaintiff claims that because his mail was not recorded, it was not
3  sent.  Plaintiff filed several grievances, all of which concluded that Plaintiff's mail could not be found.
4  Dissatisfied with the result, he seeks compensatory and punitive damages.  Plaintiff also asks this Court
5  to make an inquiry into whether his mail was actually delivered to the intended party.

6  Plaintiff asserts his claim against the CDCR and John M. Martel ("Martel"), the Warden of Mule
7  Creek Prison, under a theory of respondeat superior.  Plaintiff's claims allege a specific, isolated
8  incident, in which his mail was not recorded as delivered.  Plaintiff's complaint does not make clear if
9  the mail was actually delivered and employees of the CDCR simply neglected to record the delivery, or
10 if the mail was misplaced.  Although Plaintiff alleges an intentional failure to deliver his mail, he does
11 not appear to know if his mail actually went undelivered.

12 Plaintiff's complaint does not state a cognizable claim for relief pursuant to 42 U.S.C. § 1983
13 and 28 U.S.C. § 1915A(b).  As discussed above, claims against supervisors for respondeat superior are
14 generally not cognizable.  *See Fayle, supra*; *See also Mosher, supra.*  Such claims are also not
15 cognizable when asserted against a municipality.  *See Monell, supra.*  Plaintiff does not allege a causal
16 link between Martel and  the loss of his mail.  Additionally, none of Plaintiff's claims against the CDCR
17 resemble the cognizable claims stated above.  Plaintiff does not allege that the loss of his mail was the
18 result of an express municipal policy or a widespread practice of the CDCR.  Nor does Plaintiff allege
19 that the loss of his mail was the result of a decision by a person with "final policy making authority."
20 Finally, Plaintiff has not sufficiently alleged a deprivation of his constitutional rights.

21 As Plaintiff has not alleged a deprivation of constitutional rights, a recognized claim against a
22 municipality, or a causal link between any particular defendant and the loss of his mail, his claim is not
23 cognizable.

24 **B. Plaintiff May Not Proceed In Forma Pauperis**

25 A person may be granted permission to proceed in forma pauperis if the person "submits an
26 affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to
27 pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense, or
28 appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).  Prisoners

seeking in forma pauperis status must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6 month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Because the plaintiff has not submitted the required documents, he cannot proceed in forma pauperis. Consequently, Plaintiff's request to proceed in forma pauperis is denied.

### III. DISPOSITION

In accordance with the above, IT IS HEREBY ORDERED that (1) Plaintiff's request for leave to proceed in forma pauperis is DENIED; (2) Plaintiff's complaint is DISMISSED with leave to amend under 28 U.S.C. § 1915A. Plaintiff has 30 days to amend his complaint and submit an application to proceed in forma pauperis with the requisite documents.

DATED: June 4, 2009

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE
Sitting by Designation