UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Fernando Aranda,** | CASE NO. SCIV08-1871DOC |
| **Plaintiff(s),** | |
| v. | **O R D E R DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| **John Martel, et al.,** | |
| **Defendant(s).** | |

Before the Court is Plaintiff Fernando Aranda's Objection to this Court's previous Order dismissing his Complaint. Because Plaintiff objects to a previous Order, the Court treats the objection as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). After considering the papers, the Court hereby DENIES the Motion.

## I. BACKGROUND

Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR") Facility at Mule Creek State Prison. Plaintiff filed his original Complaint on June 10, 2008. Plaintiff alleged that legal mail he submitted for delivery to the United States House of

1  Representatives on January 10, 2008, was intentionally kept from delivery.  Plaintiff alleged that
2  the CDCR intentionally failed to deliver his mail and as a result, his constitutional rights were
3  violated.  The CDCR keeps records of legal mail that has been sent out, and Plaintiff claimed
4  that because his mail was not recorded, it was not sent.  Plaintiff filed several grievances, all of
5  which concluded that Plaintiff's mail could not be found.  Dissatisfied with the result, he sought
6  compensatory and punitive damages.  Plaintiff also asked this Court to make an inquiry into
7  whether his mail was actually delivered to the intended party.

8  Plaintiff asserted his claim against the CDCR and John M. Martel ("Martel"), the Warden
9  of Mule Creek Prison, under a theory of respondeat superior.  Plaintiff's claims alleged a
10 specific, isolated incident, in which his mail was not recorded as delivered.  This Court found
11 that Plaintiff's complaint did not make it clear if the mail was actually delivered and employees
12 of the CDCR simply neglected to record the delivery, or if the mail was misplaced.  Although
13 Plaintiff alleged an intentional failure to deliver his mail, he did not appear to know if his mail
14 actually went undelivered.  Therefore, pursuant to 28 U.S.C. § 1915A, the Court dismissed
15 Plaintiff's Complaint with leave to amend.  In addition, Plaintiff had also filed a Motion to
16 proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a).  This Court denied Plaintiff's
17 request without prejudice, due to his failure to submit a declaration that met the showing
18 required by 28 U.S.C. § 1915(a).

19 Following this Court's Order Dismissing Plaintiff's Complaint, Plaintiff filed an
20 objection to the Court Order on July 7, 2009.  After filing his objection, Plaintiff also filed an
21 Amended Complaint and a Motion to proceed In Forma Pauperis on July 10, 2009.

## II. LEGAL STANDARD

23 Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing
24 of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a
25 void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances'
26 which would justify relief."  *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d
27 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.
28 1991)).

1       Additionally, Local Rule 78-230(k) states, "Whenever any motion has been
2 granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon
3 the same or any alleged different set of facts, it shall be the duty of counsel to present to the
4 Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as
5 appropriate, setting forth the material facts and circumstances surrounding each motion for
6 which reconsideration is sought, including: (1) when and to what Judge or Magistrate Judge the
7 prior motion was made, (2) what ruling, decision or order was made thereon, (3) what new or
8 different facts or circumstances are claimed to exist or were not shown upon such prior motion,
9 or what other grounds exist for the motion, and (4) why the facts or circumstances were not
10 shown at the time of the prior motion." Local R. 78-230(k).

## III. DISCUSSION

12       Plaintiff fails to show in his Motion a solid basis for why the Court's prior order
13 should be reconsidered. Plaintiff does not meet any of the factors required by Rule 60(b) to
14 allow for reconsideration. Plaintiff makes no statement to show that there has been newly
15 discovered evidence, fraud, a void judgement, a satisfied or discharged judgment, or
16 extraordinary circumstances which would justify relief. Nor do the facts set out in the Motion
17 indicate that any one of these factors have been met. The only factor for reconsideration that the
18 Plaintiff does address is the first factor requiring a showing of mistake, surprise, or excusable
19 neglect with respect to his Motion to Proceed In Forma Pauperis. Plaintiff, however, has already
20 filed an Amended Complaint and has also filed another Motion to proceed In Forma Pauperis.
21 As such, that issue is not appropriate for discussion in this instant Motion for Reconsideration
22 and will instead be addressed along with the Amended Complaint in a separate order.

23       Additionally, Plaintiff's Motion does not actually address why this Court should
24 reconsider its previous Order to Dismiss. Rather, Plaintiff's long and convoluted Motion states
25 various different legal standards and attempts to apply them to the facts of Plaintiff's case. This
26 type of analysis is more suited for the Amended Complaint that Plaintiff has already filed and
27 does not belong in this Motion for Reconsideration. Plaintiff has made no showing as to why
28 this Court should reconsider its previous order and as such, Plaintiff's Motion for

1  Reconsideration is DENIED.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby DENIES Plaintiff Aranda's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: July 29, 2009

                                         _____
                                                      DAVID O. CARTER
                                               United States District Judge
                                                   Sitting by Designation