1

2

3

4

5

6

7

8            UNITED  STATES  DISTRICT  COURT

9        FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA

10

11  Fernando Aranda,                    )          CASE NO. SCIV08-1871DOC
                                         )
12              Plaintiff(s),            )
                                         )          O R D E R DISMISSING
13          v.                           )          PLAINTIFF'S AMENDED
                                         )          COMPLAINT
14  John Martel, et al.,                 )
                                         )
15              Defendant(s).            )
                                         )
16                                       )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19  _____ )

20

21          Fernando Aranda ("Plaintiff") is a state prisoner proceeding pro se.  Plaintiff seeks relief

22  pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

23  U.S.C. § 1915(a).  Plaintiff's Original Complaint did not make the showing required by 28 U.S.C.

24  § 1915A, and was therefore dismissed by this Court.  Accordingly, Plaintiff filed an amended complaint

25  on July 10, 2009.  In addition, Plaintiff  filed a Motion to proceed In Forma Pauperis which was

26  dismissed by this Court due to Plaintiff's failure to submit a declaration that meets the showing required

27  by 28 U.S.C. § 1915(a).  Plaintiff once again filed a Motion to proceed In Forma Pauperis on July 10,

28  2009.  For the foregoing reasons, this Court hereby DISMISSES Plaintiff's Amended Complaint and

1  GRANTS Plaintiff's Motion to proceed In Forma Pauperis.

2  **I. BACKGROUND**

3    Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR")

4  Facility at Mule Creek State Prison.  Plaintiff filed his Original Complaint on June 10, 2008.

5  Plaintiff alleged that legal mail he submitted for delivery to the United States House of

6  Representatives on January 10, 2008, was intentionally kept from delivery.  Plaintiff alleged that

7  the CDCR intentionally failed to deliver his mail, and as a result, his constitutional rights were

8  violated.  The CDCR keeps records of legal mail that has been sent out, and Plaintiff claimed

9  that because his mail was not recorded, it was not sent.  Plaintiff filed several grievances, all of

10  which concluded that Plaintiff's mail could not be found.  Dissatisfied with the result, he sought

11  compensatory and punitive damages in federal court.  Plaintiff also asked this Court to make an

12  inquiry into whether his mail was actually delivered to the intended party.

13    Plaintiff asserted his claim against the CDCR and John M. Martel ("Martel"), the Warden

14  of Mule Creek Prison, under a theory of respondeat superior.  Plaintiff's claims alleged a

15  specific, isolated incident, in which his mail was not recorded as delivered.  This Court found

16  that Plaintiff's Original Complaint did not make it clear if the mail was actually delivered and

17  employees of the CDCR simply neglected to record the delivery, or if the mail was misplaced.

18  Although Plaintiff alleged an intentional failure to deliver his mail, he did not appear to know if

19  his mail actually went undelivered.  Therefore, pursuant to 28 U.S.C. § 1915A, the Court

20  dismissed Plaintiff's Complaint with leave to amend.  In addition, Plaintiff had also filed a

21  Motion to proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a).  This Court denied

22  Plaintiff's request without prejudice, due to his failure to submit a declaration that met the

23  showing required by 28 U.S.C. § 1915(a).

24    Following this Court's Order Dismissing Plaintiff's Complaint, Plaintiff filed an

25  objection to the Court Order on July 7, 2009.  After filing his objection, Plaintiff also filed an

26  Amended Complaint and a Motion to proceed In Forma Pauperis on July 10, 2009.

27

28

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

1             Every person who, under color of [state law] ... subjects, or causes to

2             be subjected, any citizen of the United States ... to the deprivation of

3             any rights, privileges, or immunities secured by the Constitution ...

4             shall be liable to the party injured in an action at law, suit in equity,

5             or other proper proceeding for redress.

6     42 U.S.C. §1983.  The statute requires that there be an actual connection or link between

7 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See*

8 *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976).  "A

9 person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983,

10 if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act

11 which he is legally required to do that causes the deprivation of which complaint is made."

12 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

13     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

14 their employees under a theory of respondeat superior and, therefore, when a named defendant

15 holds a supervisorial position, the causal link between him and the claimed constitutional

16 violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

17 *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Finally, vague and conclusory

18 allegations concerning the involvement of official personnel in civil rights violations are not

19 sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

20     Municipal entities are subject to § 1983 liability, but not on the basis of respondeat

21 superior.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

22 Municipal liability may be based on (1) an express municipal policy, such as an ordinance,

23 regulation, or policy statement; (2) a "widespread practice that, although not authorized by

24 written law or express municipal policy, is 'so permanent and well settled as to constitute a

25 custom or usage' with the force of law"; or (3) the decision of a person with "final policy

26 making authority."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127, 108 S.Ct. 915 (1988)

27 (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68, 90 S.Ct. 1598 (1970);  *See also*

28 *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83, 106 S. Ct. 1292 (1986).  Although

1  compensatory damages and equitable relief may be awarded against a municipality under

2  § 1983, municipalities are immune from punitive damages. *City of Newport v. Fact Concerts,*

3  *Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

4          In addition, a person may be granted permission to proceed In Forma Pauperis if the

5  person "submits an affidavit that includes a statement of all assets such [person] possesses [and]

6  that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the

7  nature of the action, defense, or appeal and affiant's belief that the person is entitled to redress."

8  28 U.S.C. § 1915(a)(1).  Prisoners seeking In Forma Pauperis status must also "submit a certified

9  copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6

10  month period immediately preceding the filing of the complaint or notice of appeal, obtained

11  from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C.

12  § 1915(a)(2).

### III. DISCUSSION

14          In its previous Order, this Court dismissed Plaintiff's Complaint due to the fact that it did

15  not state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

16  The Court previously pointed out that Plaintiff's Complaint did not make clear certain issues,

17  such as (1) if the missing mail was actually delivered and the employees neglected to record the

18  delivery, (2) if the mail was misplaced, or (3) if Martel had some kind of connection to the

19  missing mail.  Nor did Plaintiff allege that his mail was lost as a result of an express municipal

20  policy or widespread practice of the CDCR.  The Court stated that Plaintiff failed to allege a

21  deprivation of constitutional rights or a causal link between any particular defendant and the loss

22  of the mail, and as such, his claim was not cognizable.

23          In his Amended Complaint, Plaintiff has failed to remedy any of the deficiencies

24  identified in his Original Complaint.  In order for Plaintiff to seek a remedy under 42 U.S.C. §

25  1983, he must show an actual connection or link between the actions of the defendants and the

26  deprivation alleged to have been suffered.  *See Monell*, 436 U.S. 658.  Plaintiff has done nothing

27  in his Amended Complaint to establish how Defendant Martel is responsible for the incident

28  with Plaintiff's mail, nor has Plaintiff made clear whether Defendant failed to perform an act

1    which he was legally required to do.  Plaintiff's Amended Complaint is full of vague allegations

2    that leave unclear who exactly is responsible for his missing mail.  Due to Plaintiff's failure to

3    state a cognizable claim for relief, the Amended Complaint is not acceptable.

4         Along with his Amended Complaint, Plaintiff also filed an objection to the Court's

5    previous order in which he addresses the specific details of his case with more specificity.  This

6    Court grants Plaintiff leave to amend his Pleadings so that he can remedy the deficiencies in his

7    Amended Complaint by including more specific allegations similar to those included in the

8    objection he filed.  The Amended Complaint as it stands does not meet the requirements of 28

9    U.S.C. § 1915A, and so Plaintiff's Amended Complaint is DISMISSED without prejudice.

10        In addition, Plaintiff has also filed a Motion to proceed In Forma Pauperis.  Plaintiff was

11   told in this Court's previous order that in order to proceed In Forma Pauperis, he would need to

12   submit the required documents that identify the assets in Plaintiff's possession as well as a

13   certified copy of the trust fund account statement for a six month period preceding the filing of

14   the Complaint.  Plaintiff did attach the requisite documents along with his Motion to proceed In

15   Forma Pauperis, and so Plaintiff's Motion is GRANTED.

16        Plaintiff has submitted an In Forma Pauperis application that makes the showing required

17   by 28 U.S.C. § 1915(a).  Accordingly, Plaintiff will be granted leave to proceed In Forma

18   Pauperis.

19        Plaintiff is required to pay the statutory filing fee of $350 for this action.  *See* 28 U.S.C.

20   §§ 1914(a) & 1915(b)(1).  Plaintiff has been with minimal funds for the past six months.  He has

21   never had more than a few dollars in his account over the past six months, and is currently

22   without funds.  Accordingly, the Court will not assess an initial partial filing fee.  *See* 28 U.S.C.

23   § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the

24   preceding month's income credited to Plaintiff's prison trust account.  These payments shall be

25   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

26   amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  *See* 28 U.S.C. §

27   1915(b)(2).

28

# IV. DISPOSITION

For the foregoing reasons, it is hereby ordered that (1) Plaintiff's Amended Complaint is DISMISSED with leave to amend under 28 U.S.C. § 1915A; (2) Plaintiff's request to proceed In Forma Pauperis is GRANTED.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.  Plaintiff has 30 days to amend his Complaint.


IT IS SO ORDERED.

DATED: July 29, 2009


_David O. Carter_
_____
DAVID O. CARTER
United States District Judge
Sitting by Designation