# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ARANDA, | Case No. SCIV08-1871 DOC |
| **Plaintiff,** | |
| vs. | |
| M. MARTEL and DEPARTMENT OF CORRECTIONS, | O R D E R DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT |
| **Defendants.** | |

Fernando Aranda ("Plaintiff") is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Second Amended Complaint. Plaintiff's First Amended Complaint did not make the showing required by 28 U.S.C. § 1915A, and was therefore dismissed by this Court.  Accordingly, Plaintiff filed a Second Amended Complaint on August 14, 2009.  For the foregoing reasons, this Court hereby DISMISSES Plaintiff's Second Amended Complaint.

## I. BACKGROUND

Plaintiff is currently incarcerated in the California Department of Corrections ("CDCR") Facility at Mule Creek State Prison.  Plaintiff filed his original Complaint on June 10, 2008. Plaintiff alleged that legal mail he submitted for delivery to the United States House of Representatives on January 10, 2008, was intentionally kept from delivery.  Plaintiff alleged that

the CDCR intentionally failed to deliver his mail and as a result, his constitutional rights were violated. The CDCR keeps records of legal mail that has been sent out, and Plaintiff claimed that because his mail was not recorded, it was not sent. Plaintiff filed several grievances, all of which concluded that Plaintiff's mail could not be found. Dissatisfied with the result, he sought compensatory and punitive damages. Plaintiff also asked this Court to make an inquiry into whether his mail was actually delivered to the intended party.

Plaintiff asserted his claim against the CDCR and John M. Martel ("Martel"), the Warden of Mule Creek Prison, under a theory of respondeat superior. Plaintiff's claims alleged a specific, isolated incident, in which his mail was not recorded as delivered. This Court found that Plaintiff's complaint did not make it clear if the mail was actually delivered and employees of the CDCR simply neglected to record the delivery, or if the mail was misplaced. Although Plaintiff alleged an intentional failure to deliver his mail, he did not appear to know if his mail actually went undelivered. Therefore, pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's Complaint with leave to amend. In addition, Plaintiff had also filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a). This Court denied Plaintiff's request without prejudice, due to his failure to submit a declaration that met the showing required by 28 U.S.C. § 1915(a).

Following this Court's Order Dismissing Plaintiff's Complaint, Plaintiff filed an objection to the Court Order on July 7, 2009. After filing his objection, Plaintiff also filed an Amended Complaint and a second Motion to Proceed In Forma Pauperis. On July 29, 2009, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis and denied Plaintiff's Motion for Reconsideration. This Court also dismissed Plaintiff's Amended Complaint with leave to amend on July 29, 2009, due to his failure to again meet the showing required by 28 U.S.C. § 1915A.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether the Complaint states a cognizable claim for relief with respect to each named defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, in order to survive a dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action, "unless it is absolutely clear that no amendment can cure

the defect." *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000).  "While [the] statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the [complaint's] deficiencies." *Eldridge v. Block*, 832 F.2d at 1126 (9th Cir. 1987).

42 U.S.C. §1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if he does an affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Finally, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Municipal entities are subject to § 1983 liability, but not on the basis of respondeat superior.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).  Municipal liability may be based on (1) an express municipal policy, such as an ordinance, regulation, or policy statement; (2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law"; or (3) the decision of a person with "final policy making authority." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 127, 108 S.Ct. 915 (1988) (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68, 90 S.Ct. 1598 (1970); *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83, 106 S. Ct. 1292 (1986).  Although compensatory damages and equitable relief may be awarded against a municipality under § 1983,

4

municipalities are immune from punitive damages. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 101 S. Ct. 2748 (1981).

### III. DISCUSSION

In its previous Order, this Court dismissed Plaintiff's Amended Complaint due to the fact that it did not state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. The Court previously pointed out that Plaintiff's Amended Complaint did not make clear certain issues, such as (1) if the missing mail was actually delivered and the employees neglected to record the delivery, (2) if the mail was misplaced, or (3) if Defendant Martel had some kind of connection to the missing mail. Nor did Plaintiff allege that his mail was lost as a result of an express municipal policy or widespread practice of the CDCR. The Court stated that Plaintiff failed to allege a deprivation of constitutional rights or a causal link between any particular defendant and the loss of the mail, and as such, his claim was not cognizable.

In his Second Amended Complaint, Plaintiff has again failed to remedy any of the deficiencies identified in his First Amended Complaint. In order for Plaintiff to seek a remedy under 42 U.S.C. § 1983, he must show an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. *See Monell*, 436 U.S. at 693. Plaintiff explains that Defendant Martel was only involved in the alleged deprivation in that he supervised employees that handle legal mail and that he denied Plaintiff's second CDCR appeal. These connections do not demonstrate any failure of Defendant Martel to perform his legal obligations nor do they establish how Defendant Martel is responsible for the incident with Plaintiff's mail. Plaintiff's Second Amended Complaint is still unclear as to who exactly is responsible for the missing mail.

As Plaintiff has not alleged a deprivation of constitutional rights, a recognized claim against a municipality, or a causal link between any particular defendant and the loss of his mail, his claim is not cognizable. As this is Court has given Plaintiff leave to amend the same deficiencies twice, and it is clear that no amendment can cure the defects, Plaintiff's Second Amended Complaint is DISMISSED with prejudice.

### IV. DISPOSITION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Second

1  Amended Complaint is DISMISSED with prejudice under 28 U.S.C. § 1915A.

2  DATED: September 30, 2009

*David O. Carter*

UNITED STATES DISTRICT JUDGE
Sitting by Designation